ALEXANDER B. CVITAN (SBN 81746)
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720)
E-mail: marshah@rac-law.com;
PETER A. HUTCHINSON (SBN 225399), and
E-mail: peterh@rac-law.com,
ARA KARAMIAN (SBN 315385)
E-mail: arak@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>MAX OUT INC., a Nevada corporation; RODERICK DELTON EDISON, SR., an individual,<br><br><br>    Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS**<br><br>2. **MONETARY DAMAGES FOR BREACH OF SETTLEMENT AGREEMENT**<br><br>3. **SPECIFIC PERFORMANCE OF OBLIGATION TO PRODUCE RECORDS FOR AUDIT**<br><br>4. **INJUNCTIVE RELIEF COMPELLING SUBMISSION OF FRINGE BENEFIT CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS**<br><br>[29 U.S.C. §§ 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a)] |

  Plaintiff, Construction Laborers Trust Funds for Southern California

Administrative Company, a Delaware limited liability company, alleges:

359850v3

1

1

**JURISDICTION AND VENUE**

2

3       1.      This action is brought by a fiduciary administrator on behalf of

4    employee benefit plans against an employer and one of its corporate officers in

5    accordance with the terms and conditions of the plans, the collective bargaining

6    agreements to which the employer is bound, a settlement agreement (between the

7    plans and both the employer and its officer), and applicable statutes to: (a) recover,

8    from the employer, unpaid monthly employee fringe benefit contributions and

9    related damages due by it to the plans, through enforcement of the terms of the

10   collective bargaining agreements and the plans (Claim 1); (b) recover, from the

11   employer and the corporate officer, monetary damages for breach of a settlement

12   agreement, including a portion of the amounts also sought in Claim 1 (Claim 2);

13   (c) compel the employer to produce records for an audit to determine if additional

14   amounts are due (Claim 3); and (d) compel the employer to timely and fully report

15   and pay its monthly fringe benefit contributions to the plans on behalf of its

16   employees (Claim 4).  This Court has jurisdiction over all four claims for relief

17   pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security

18   Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of

19   ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor

20   Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  This Court also

21   has supplemental jurisdiction over Claim 2 pursuant to 28 U.S.C. § 1367(a).

22   Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue

23   is proper in this district for each of the following reasons: the plans are administered

24   in this district; the employer's performance and breach took place in this district; and

25   the employer resides or may be found in this district.

26   ///

27   ///

28   ///

2

359850v3

**PARTIES**

2.      Plaintiff ("ADMINCO") is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of the following employee benefit plans: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund (collectively "Trust Funds"). Each of the Trust Funds is an express trust created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the Trust Funds exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  ADMINCO and the Trust Funds' principal places of business are in the County of Los Angeles, State of California.

3.      ADMINCO is informed and believes, and on that basis alleges, that defendant Max Out Inc. ("EMPLOYER"): is a corporation organized and existing under the laws of the State of Nevada; has a principal place of business in the City of Baldwin Park, County of Los Angeles, State of California; and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

4.      ADMINCO is informed and believes, and on that basis alleges, that Roderick Delton Edison, Sr. ("PRINCIPAL"): is an individual who resides in the

3

359850v3

County of Los Angeles, State of California; is the President or other officer or managing agent of the EMPLOYER; and has been such an officer or managing agent at all times since at least December 1, 2014.

### AGREEMENTS; LICENSE BOND

5.      The EMPLOYER is, and at all relevant times was (including from at least since December 8, 2015), bound to certain collective bargaining agreements of the Southern California District Council of Laborers and its affiliated local Unions (collectively "Laborers Union") known as the "Construction Master Labor Agreements," and alternatively known as the "Southern California Master Labor Agreements," including ones known as the *Southern California Master Labor Agreement*, and the *Registered Project Agreement for Light Commercial Construction* and the *General Construction Worker Classification Agreement for Private Work*.  Prior to December 8, 2015, including from at least December 1, 2014, the EMPLOYER was bound to the terms of the Construction Master Labor Agreements for certain work, including but not necessarily limited to work on a project or projects of the Exposition Metro Line Construction Authority.

6.      Pursuant to the Construction Master Labor Agreements, employers become – and the EMPLOYER became – bound to the terms and conditions of the various trust agreements that created each of the Trust Funds ("Trust Agreements"). When referenced collectively hereinafter, the Construction Master Labor Agreements and Trust Agreements are referred to as "the Agreements."

7.      Under the terms of the Agreements, employers, including the EMPLOYER, are required to submit monthly fringe benefit contributions ("Monthly Contributions") to the Trust Funds for all hours worked by (or paid for) their

4

employees who perform work covered by the Agreements ("Covered Work").

8.      Under the terms of the Agreements, employers, including the EMPLOYER, are required to submit to the Trust Funds, with their Monthly Contributions, monthly reports, itemized by project, listing the names of their employees who performed Covered Work, their Social Security numbers, the hours of work performed by (or paid for) each, and the resulting Monthly Contributions due for them ("Monthly Reports").  The Trust Funds rely on Monthly Reports – and the accuracy of those reports – to determine the amount of Monthly Contributions due to the Trust Funds by employers and the credit toward fringe benefits to be allocated to their employees.

9.      The Agreements provide for the payment of interest on delinquent Monthly Contributions from the date due at a rate set by the trustees of the Trust Funds.  The trustees have set that rate at five percent (5%) above the prime rate set by the Federal Reserve Board of San Francisco, California.  The Agreements also provide for the payment of liquidated damages for each month of delinquent Monthly Contributions or Monthly Reports, for each Trust Fund separately, in the amount of twenty percent (20%) of the delinquent Monthly Contributions due to the Trust Fund or $25, whichever is greater (except with respect to the Laborers Contract Administration Trust Fund for Southern California, which assesses liquidated damages at the greater of $20 or ten percent (10%)).  In addition, employers are required to pay fees for the submission of checks not honored by the banks upon which they are drawn.

10.     The failure of employers to pay Monthly Contributions when due causes damages to the Trust Funds and its participants beyond the value of the unpaid Monthly Contributions, which are difficult to quantify.  Apart from the fees and

5

costs incurred in litigation, the harm caused includes, but is not limited to, the administrative costs of processing and collecting delinquencies, the costs of adjusting benefit credits and notifying participants, the additional burden placed on contractors who faithfully pay their contributions, and the burden upon participants and beneficiaries who may be unable to qualify for benefits they may have otherwise been entitled to had it not been for the delinquency of their employer.  The liquidated damages provision of the Agreements was meant to compensate for the loss to the Trust Funds, which is incurred even if the Monthly Contributions for a given month are later paid.  It is based on the Trust Funds' ratio of collection costs over amounts collected, which are regularly reported to the Trust Funds' trustees.

11.    Under the terms of the Agreements, employers, including the EMPLOYER, agree to subcontract Covered Work only to entities that are signatory to a Construction Master Labor Agreement applicable to the work performed.  If an employer subcontracts Covered Work to a non-signatory entity, the employer becomes liable to the Trust Funds in an amount equal to the Monthly Contribution s that would have been due if the entity had been signatory (plus interest, liquidated damages and audit fees thereon).

12.    Under the terms of the Agreements, employers, including the EMPLOYER, agree not to subcontract Covered Work to entities that are delinquent to the Trust Funds.  If an employer subcontracts Covered Work to such an entity the employer becomes under the terms of the Agreements liable to the Trust Funds for the Monthly Contributions due by the subcontractor and any lower-tier subcontractors.

13.    The Agreements provide the Trust Funds with specific authority to examine the payroll and business records of employers, including the EMPLOYER,

359850v3

to determine whether they have reported all hours worked by (or paid for) their employees who perform Covered Work, and whether they have paid the appropriate Monthly Contributions and other amounts due by them to the Trust Funds.  The Agreements further provide that employers, including the EMPLOYER, must maintain records sufficient for the Trust Funds to verify proper Monthly Reporting, and, where there has been inaccurate Monthly Reporting, to determine the additional amounts due, and provide that the employer must pay the Trust Funds' audit fees if it is delinquent to the Trust Funds.  The Trust Funds have delegated the authority to perform such audits to ADMINCO.

14.    The Agreements require employers to pay the Trust Funds' attorneys' fees and costs of litigation to enforce the Agreements' foregoing terms, including the Monthly Contribution, Monthly Reporting, subcontracting and audit provisions.

15.    Effective September 5, 2018, the parties to this lawsuit entered into an agreement tolling the applicable statute of limitations for the Trust Funds (including ADMINCO on their behalf) to file suit against the EMPLOYER and PRINCIPLAL to collect the monetary damages sought in the second claim for relief in this complaint, which are also among the amounts sought in the first claim for relief.

## FIRST CLAIM FOR RELIEF
### (Against the EMPLOYER for Monetary Damages
### Due to Employee Benefit Plans)

16.    ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above as if fully set forth here.

17.    The EMPLOYER has failed to submit Monthly Contributions due by it

7

to the Trust Funds.  Pursuant to the Agreements and sections 502(g)(2) and 515 of ERISA (29 U.S.C. §§ 1132(g)(2) and 1145), the EMPLOYER owes the Trust Funds a known amount of $23,588.77 for unpaid or late-paid Monthly Contributions and related damages (and/or late-submitted Monthly Reports) for certain months from July 2015 through December 2018 ("Known Delinquency").  The Known Delinquency consists of: $6,618.99 in unpaid Monthly Contributions; $1,804.13 in interest (through May 6, 2019); $14,605.65 in liquidated damages; and $560.00 in audit fees.

18.     ADMINCO will establish by proof at the time of trial or through dispositive motion the Known Delinquency and any additional amounts determined to be due to the Trust Funds by the EMPLOYER, including any additional Monthly Contributions, interest, liquidated damages, audit fees, fees for the submission of checks not honored by the bank upon which they were drawn, attorneys' fees and costs, and amounts owed as a result of work performed by subcontractors of the EMPLOYER (or lower-tier subcontractors).  If deemed necessary by the Court, ADMINCO will amend its complaint to add any additional amounts determined to be due.  Any and all conditions to the EMPLOYER's obligations under the Agreements to pay the Known Delinquency and any additional amounts due under the Agreements to the Trust Funds have been met.

19.     Under the terms of the Agreements and section 502(g)(2)(D) of ERISA (29 U.S.C. § 1132(g)(2)(D)), ADMINCO is entitled to an award of its attorneys' fees and costs.

///
///
///
///

359850v3

## SECOND CLAIM FOR RELIEF

### (Against the EMPLOYER and PRINCIPAL for Monetary Damages for Breach of Settlement Agreement)

20.     ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 above as if fully set forth here.

21.     The Trust Funds (through ADMINCO) and both the EMPLOYER and PRINCIPAL entered into a conditional settlement ("Settlement Agreement") with respect to the EMPLOYER's then-known delinquency to the Trust Funds ("Then-Known Delinquency").  In and by the terms of the Settlement Agreement, the Trust Funds agreed to waive a portion of the EMPLOYER's Then-Known Delinquency upon, and conditioned upon, full performance of the terms of the Settlement Agreement by the EMPLOYER and PRINCIPAL, including but not limited to payment of a portion of the Then-Known Delinquency in monthly installments ("Payment Plan") and the EMPLOYER's compliance with the terms of the Agreements – including but not limited to the Monthly Reporting, Monthly Contribution, subcontracting and audit provisions – during a period extending through the term of the Payment Plan to the date of a "Compliance Audit" to be performed by ADMINCO following successful remittance of the Payment Plan installments.

22.     In, and by execution of, the Settlement Agreement, the PRINCIPAL assumed personal liability under its terms, jointly and severally with the EMPLOYER, for amounts due under the Settlement Agreement, including but not limited to the amounts that would come due upon breach of the Settlement Agreement.

///

9

359850v3

23.    The EMPLOYER and PRINCIPAL breached the Settlement Agreement in at least the following ways: (a) failing to submit, and to timely submit, Payment Plan installments; (b) failing to submit, and to timely submit, Monthly Reports and Monthly Contributions due by the EMPLOYER to the Trust Funds; and (c) failing to comply with the EMPLOYER's obligation to itemize work by project in its Monthly Reports.

24.    As a result of the breach of the Settlement Agreement by the EMPLOYER and PRINCIPAL: (a) the conditions in the Settlement Agreement for waiver of a portion the Then-Known Delinquency were not met; (b) under the terms of the Settlement Agreement, the full amount of the Then-Known Delinquency became, and remains,  immediately due and owing jointly and severally by the EMPLOYER and PRINCIPAL to the Trust Funds, minus any Payment Plan installments made plus interest at the Trust Funds' plan rate; and (c) the Settlement Agreement, by its terms, does not bar collection of any unsatisfied amounts of that delinquency by any lawful means.  The amount due by the EMPLOYER and PRINCIPAL for their breach of the Settlement Agreement is $24,824.39 as of May 6, 2019 plus additional interest from May 6, 2019.  Any and all conditions to the obligations of the EMPLOYER and PRINCIPAL under the Settlement Agreement to pay this amount have been met.

25.    Under the terms of the Settlement Agreement, ADMINCO is entitled to an award of its attorneys' fees and costs.

///

///

///

///

///

10

## THIRD CLAIM FOR RELIEF

### (Against the EMPLOYER for Specific Performance of
### Obligation to Produce Records for Audit)

26.     ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25 above as if fully set forth here.

27.     ADMINCO requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with its obligation under the Agreements and ERISA to fully produce its books and records in order for ADMINCO to complete an audit to determine if additional amounts are due by the EMPLOYER to the Trust Funds.

28.     An award of attorneys' fees and costs is provided for by Agreements and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

## FOURTH CLAIM FOR RELIEF

### (Against the EMPLOYER for Injunctive Relief Compelling Submission of
### Fringe Benefit Contributions to Employee Benefit Plans)

29.     ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 above as if fully set forth here.

30.     The EMPLOYER has repeatedly failed to timely submit Monthly Reports and Monthly Contributions.

31.     By reason of the EMPLOYER's failure to comply with its Monthly

359850v3

Reporting and Contribution obligations, the Trust Funds, its participants and/or its beneficiaries have suffered and will continue to suffer hardship and actual and impending irreparable injury and damage for at least the following reasons.  First, the Trust Funds must provide credit each month to participants and beneficiaries, including the EMPLOYER's employees, toward eligibility for fringe benefits (such as health insurance and pensions) based on the number of hours they worked, which is determined from Monthly Reports.  Second, the amount of benefits payable to all participants and beneficiaries for health insurance and pension claims, including those employed by the EMPLOYER, is actuarially determined on the basis of funds projected to be received from contributing employers (including the EMPLOYER).  Third, health insurance is not provided to participants and beneficiaries, including the EMPLOYER's employees, after a certain period of non-payment of Monthly Contributions on their behalf.  Fourth, vacation pay, which is distributed by the Construction Laborers Vacation Trust for Southern California (one of the Trust Funds), is not paid to employees, including the EMPLOYER's employees, for hours of work for which their employer has not submitted Monthly Contributions.  Fifth, the Trust Funds have a legal obligation to take steps to collect amounts due by delinquent employers and thus the EMPLOYER's ongoing delinquency results in an ongoing drain on Trust Funds resources.  Sixth, the Trust Funds lose investment income on late-paid and unpaid Monthly Contributions.

32.    The Trust Funds have no adequate or speedy remedy at law.  They therefore request that this Court exercise its authority under sections 502(g)(2)(E) and 502(a)(3) of ERISA (29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3)) to issue preliminary and permanent injunctive relief ordering the EMPLOYER to comply with its obligations under the Agreements and section 515 of ERISA (29 U.S.C. § 1145) to fully disclose its employees' Covered Work on its Monthly Reports, itemized by project, and to timely submit its Monthly Reports each month with full

12

1  payment of the Monthly Contributions due.

2

3      33.    An award of attorneys' fees and costs is provided for by Agreements and

4  under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or

5  (g)(2)).

6

7             **WHEREFORE, ADMINCO prays for judgment as follows:**

8

9                <u>ON ADMINCO'S FIRST CLAIM FOR RELIEF</u>

10      [Against the EMPLOYER for Monetary Damages of Unpaid Fringe Benefit

11          Contributions and Related Damages Due to Employee Benefit Plans]

12

13      A.    For $6,618.99 in unpaid Monthly Contributions, as required by the

14  Agreements and 29 U.S.C. § 1132(g)(2)(A).

15

16      B.    For $1,804.13 in interest (through May 6, 2019) on unpaid or late paid

17  Monthly Contributions at the rate of five percent above the variable prime rate set by

18  the Federal Reserve Board of San Francisco, California, plus such additional interest

19  that has or does hereafter accrue from May 6, 2019, as required by the Agreements

20  and 29 U.S.C. § 1132(g)(2)(B).

21

22      C.    For $14,605.65 in liquidated damages for unpaid and late-paid Monthly

23  Contributions at, for each of the Trust Funds separately, the greater of 20% or $25

24  (except with respect to the Laborers Contract Administration Trust Fund for Southern

25  California, for which liquidated damages are sought at the greater 10% or $20), as

26  required by the Agreements and 29 U.S.C. § 1132(g)(2)(C).

27

28      D.    For $560.00 in audit fees, as required by the Agreements and 29 U.S.C.

1  § 1132(g)(2)(E).

2

3    E.   For, according to proof, any additional Monthly Contributions, interest,

4  liquidated damages, audit fees, fees incurred by the Trust Funds as a result of the

5  submission of checks not honored by the bank upon which they were drawn, and

6  amounts owed as a result work performed by any subcontractors of the EMPLOYER

7  (or lower-tier subcontractors) determined to be due, pursuant to the Agreements and

8  29 U.S.C. §§ 1132(g)(2) and 1145.

9

10    F.   For reasonable attorneys' fees and costs of suit, as required by the

11  Agreements and 29 U.S.C. § 1132(g)(2)(D).

12

13    G.   For such other relief that this Court deems appropriate, pursuant to any

14  authority of the Court, including but not limited to the authority established by

15  29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

16

17               ON ADMINCO'S SECOND CLAIM FOR RELIEF

18        [Against the EMPLOYER and PRINCIPAL for Monetary Damages for

19                    Breach of Settlement Agreement]

20

21    A.   For $24,824.39 as of May 6, 2019, pursuant to the Settlement Agreement

22  and applicable law, including but not limited to California Civil Code § 3302, and

23  any other damages arising from the EMPLOYER's breach of the Settlement

24  Agreement.

25

26    B.   For interest at the Trust Funds' plan rate(s) per annum from May 6, 2019,

27  pursuant to terms of the Settlement Agreement and applicable law, including but not

28  limited to California Civil Code §§ 3287, 3289 and 3302.

359850v3

C.      For attorneys' fees and costs of collection, pursuant to the Settlement Agreement and applicable law, including but not limited to California Civil Procedure Code § 1032(b) and California Civil Code § 1717.

D.      For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

## ON ADMINCO'S THIRD CLAIM FOR RELIEF

[Against the EMPLOYER for Specific

Performance of Obligation to Produce Records for Audit]

A.      For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, to submit to an audit of the EMPLOYER's records from at least December 1, 2014 through the date of the audit, to fully cooperate with ADMINCO with respect to the audit in order for ADMINCO to determine the total amount due to the Trust Funds by the EMPLOYER, and, specifically, to produce to ADMINCO the following payroll and business records – and any other records determined by ADMINCO to be necessary to conduct a full audit – for inspection, examination and copying:

A.1.   All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified

15

payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

A.2.   All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between the EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of the EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

A.3.   All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its

359850v3

subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

A.4.   All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

A.5.   All of the EMPLOYER's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

A.6.   All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the EMPLOYER to any trade union trust fund; and

A.7.   All records related to the formation, licensing, renewal or operation of the EMPLOYER.

B.   For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

C.   For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

///
///
///
///
///

17

<u>ON ADMINCO'S FOURTH CLAIM FOR RELIEF</u>

[Against the EMPLOYER for Injunctive Relief Compelling Submission of

Fringe Benefit Contributions to Employee Benefit Plans]

A.     For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, to deliver, or cause to be delivered to the Trust Funds:

A.1.   All past due monthly fringe benefit contribution report forms due by the EMPLOYER to the Trust Funds, fully completed to identify all persons for whom fringe benefit contributions are owed to the Trust Funds and their Social Security numbers, and, itemized by person and project, the hours of work performed for which fringe benefit contributions are due and the corresponding amounts of fringe benefit contributions due, if any, or, if no such hours of work were performed for a given month and account, an indication on the report form of that fact.

A.2.   No later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

A.2(a).  Truthfully and accurately completed fringe benefit contribution report form(s) covering all of the EMPLOYER's accounts with the Trust Funds, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed, if any, or, if no such hours of work were performed for a given month and account, an indication on the report form of that fact.

18

359850v3

A.2(b).  An affidavit or declaration from a managing officer or other managing agent of the EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each fringe benefit contribution report form submitted; and

A.2(c).  A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due to the Trust Funds for the previous month.

B.      For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

C.      For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

DATED: May 8, 2019                          REICH, ADELL & CVITAN
                                            A Professional Law Corporation

                                            By:_____/s/_____
                                                    PETER A. HUTCHINSON
                                                    Attorneys for Plaintiff

19

359850v3