UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY etc., <br><br> Plaintiff, <br><br> v. <br><br> MAX OUT INC. etc., et al., <br><br> Defendants. | CASE NO.: 2:19-cv-04021 FMO (KSx) <br><br> **[PROPOSED] JUDGMENT AGAINST DEFENDANTS MAX OUT INC. AND RODERICK DELTON EDISON, SR.** |

    Default has been entered against the defendants, Max Out Inc. ("EMPLOYER" where not referred to by its full above-captioned name) and Roderick Delton Edison, Sr. ("PRINCIPAL" where not referred to by his full above-captioned name), for their failure to answer or otherwise respond to the complaint of the plaintiff ("ADMINCO" where not referred to by its full above-captioned name).  [*See* Court Documents 9 (entry of default against EMPLOYER), 10 (entry of default against PRINCIPAL).] ADMINCO has filed a motion for judgment by default against the EMPLOYER and the PRINCIPAL.  Based upon ADMINCO's motion, the declarations submitted in

1

support thereof, and all other records and documents on file:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE PLAINTIFF**, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-Training Trust Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, Laborers' Trusts Administrative Trust Fund for Southern California, and Southern California Partnership for Jobs Trust Fund (hereinafter "Trust Funds" where referenced collectively), and **AGAINST DEFENDANT MAX OUT INC., A NEVADA CORPORATION, IN THE AMOUNT OF $32,128.01,** consisting of the following amounts due for the period September 2016 through May 2019: (a) a principal amount of $29,303.82 (including $10,212.37 in unpaid Monthly Contributions, $2,122.25 in interest, $16,089.20 in liquidated damages and $880.00 in audit fees); (b) attorneys' fees of $2,358.23; and (c) costs of $465.96.

2. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE PLAINTIFF**, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers

Training and Re-Training Trust Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, Laborers' Trusts Administrative Trust Fund for Southern California, and Southern California Partnership for Jobs Trust Fund and **JOINTLY AND SEVERALLY AGAINST DEFENDANTS MAX OUT INC. AND RODERICK DELTON EDISON, SR. IN THE AMOUNT OF $23,548.44**. The amount of the monetary judgment awarded in this paragraph 2 is encompassed by, and not in addition to, the monetary judgment awarded against the EMPLOYER in paragraph 1 above.

3. The Trust Funds have not conducted an audit of the records of defendant Max Out Inc. for any month after December 2018. The monetary judgments issued hereby in paragraphs 1 and 2 above shall not, and do not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including ADMINCO on behalf of the Trust Funds or any individual Trust Fund) to determine and collect any additional amounts due by the EMPLOYER or PRINCIPAL for months after December 2018.

4. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**: The EMPLOYER and its managing officers, managing employees, agents and successors, including but not limited to the PRINCIPAL, as well as all those in active concert or participation with any one or more of them, shall, submit to a full audit of the EMPLOYER for the period January 1, 2019 through the date of the audit, and to fully cooperate with ADMINCO and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to ADMINCO and the Trust Funds the following

payroll and business records – and any other records determined by ADMINCO or the Trust Funds to be necessary to conduct a full audit – for inspection, examination and copying:

   4.A. All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

   4.B. All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between the EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of the EMPLOYER's employees, its

subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

       4.C.   All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

       4.D.   All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

       4.E.   All of the EMPLOYER's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

       4.F.   All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the EMPLOYER to any trade union trust fund; and

       4.G.   All records related to the formation, licensing, renewal or operation of the EMPLOYER.

   **5.**    **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**: The EMPLOYER and its managing officers, managing

employees, agents and successors, including but not limited to the PRINCIPAL, as well as all those in active concert or participation with any one or more of them, are hereby ordered to deliver, or cause to be delivered:

      5.A.   The following to the Trust Funds' offices within thirty (30) days of service of this judgment by ADMINCO on the EMPLOYER by mail to the address at which the complaint in this action was served: all past due monthly fringe benefit contribution report forms due by the EMPLOYER to the Trust Funds, truthfully and accurately completed and identifying all employees for whom fringe benefit contributions are owed to the Trust Funds by the EMPLOYER and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due.

      5.B.   The following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

      5.B.1.   Truthfully and accurately completed monthly fringe benefit contribution reports covering all of the EMPLOYER's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

      5.B.2.   An affidavit or declaration from a managing officer or other managing agent of the EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each monthly fringe benefit contribution report submitted; and

5.B.3.   A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due by the EMPLOYER to the Trust Funds for the previous month (as set forth on the fringe benefit contribution report(s) submitted).

**THE FAILURE TO COMPLY WITH AN INJUNCTION ISSUED HEREBY SHALL BE GROUNDS FOR CONTEMPT OF COURT.**

Dated: _____         _____
                                                       FERNANDO M. OLGUIN
                                                      United States District Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 3550 Wilshire Boulevard, Suite 2000 Los Angeles, California 90010-2421.

I served the foregoing document on **July 25, 2019,** described as **[PROPOSED] JUDGMENT AGAINST DEFENDANTS MAX OUT INC. AND RODERICK DELTON EDISON, SR.**, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Max Out Inc.<br>Roderick Delton Edison, Sr.<br>4257 Elton Street<br>Baldwin Park, CA 91706 | Max Out Inc.<br>Roderick Delton Edison, Sr.<br>XXXX-XXX-XXX<br>Gardena, CA XXXXX |

☒ (By Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **July 25, 2019,** at Los Angeles, California.

☒ (Federal Court) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Mary Helen Lopez